UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                     101 West Lombard Street
**BENSON EVERETT LEGG**                                         Baltimore, Maryland 21201
 United States District Judge                                          410-962-0723

February 2, 2012

MEMORANDUM TO COUNSEL RE:        <u>Alemi v. Qatar Airways</u>
                                  Civil No. L-11-3420

Dear Counsel:

   Now pending is Defendant Qatar Airways' Motion to Dismiss.  Docket No. 5.  The

Motion was filed on December 5, 2011, and any response from the Plaintiff was due on or before

December 22, 2011.  Plaintiff has filed no response, and the Motion is now ripe for decision.

Upon review of the Motion and the applicable case law, the Court finds that no hearing is

necessary.  <u>See</u> Local Rule 105.6 (D. Md. 2011).  For the reasons stated herein, the Motion is

hereby GRANTED and Plaintiff's Complaint is hereby DISMISSED.

   On July 10, 2009, Plaintiff, Ali Alemi, was a passenger on Qatar Airways Flight 051

from Doha, Qatar to Chantilly, Virginia.  The Complaint alleges that Alemi was served an in-

flight meal containing chicken and soon thereafter became violently ill.  On October 7, 2011,

Alemi filed suit in the Circuit Court for Baltimore County, alleging a single count of negligence

and seeking damages of $100,000.  On November 28, 2011, Defendant timely removed to this

Court, invoking the Court's jurisdiction to hear all cases or controversies arising under the

Constitution, laws, or treaties of the United States.  <u>See</u> 28 U.S.C. § 1331.  Defendant now

moves to dismiss Alemi's Complaint for failure to state a claim and for lack of subject matter

jurisdiction on the grounds that the United States is an improper forum under the terms of the

Warsaw Convention, which governs claims arising out of international travel among member

countries.

Page **1**

In 1943, the United States became a signatory to a treaty entitled the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, reprinted at 49 U.S.C. § 40105, note (commonly known as the Warsaw Convention).[1] The Supreme Court has held that the Warsaw Convention provides the exclusive remedy for claims arising out of injuries suffered on an international airline flight.  El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 161 (1999).  Because Alemi's alleged injuries arose during the course of an international round-trip flight beginning and ending in Tehran, Iran, with stops in Doha and Chantilly, the rights and liabilities of the parties are governed exclusively by the terms of the treaty.  See id.; Watson v. Am. Airlines, Inc., No. WMN-02-1232, 2002 WL 1359747 (D. Md. 2002) (Warsaw Convention governed plaintiff's state law claims arising from alleged food poisoning on international flight); see also note 2, infra.

Under the terms of the Warsaw Convention, a plaintiff may bring suit in one of four possible fora: (1) the place of domicile of the carrier, (2) the principal place of business of the carrier, (3) the place of business through which the contract of transportation has been made, or (4) the place of destination.  Warsaw Convention, Art. 28(1); see also Kapar v. Kuwait Airways Corp., 845 F.2d 1100, 1102 & n. 4 (D.C. Cir. 1988).[2]  "Article 28(1) 'operates as an absolute bar

---

[1]      See U.S. Department of State, Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2011, available at http://www.state.gov/documents/organization/169274.pdf (last visited January 4, 2012).

[2]      This case is governed by the Warsaw Convention rather than the much more recent Montreal Convention. The Convention for the Unification of Certain Rules for International Carriage by Air, otherwise known as the Montreal Convention, was signed in that city on May 28, 1999, and entered into force on November 4, 2003.  See Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45.  Pursuant to Article 55 of the Montreal Convention, that agreement supersedes the Warsaw Convention.

Each agreement, however, applies only to transportation in which the place of departure and the place of destination, whether or not there is a break in between, are situated either within the territories of two signatories, or within the territory of a single signatory if there is an agreed stopping place within the territory of another state.  See Warsaw Convention Art. 1(2); Montreal Convention Art. 1(2).  In this case, Alemi purchased a round-trip ticket originating in Tehran, Iran.  Thus, both the place of departure and the place of destination are Iran.  While both the United States and Iran are parties to the Warsaw Convention, Iran is not a party to the Montreal Convention.  See List of Signatories to the Montreal Convention, maintained by the United Nations International Civil Aviation

to federal jurisdiction in cases falling outside its terms.' " <u>Id.</u> at 1104 (quoting <u>Gayda v. LOT Polish Airlines</u>, 702 F.2d 424, 425 (2d Cir. 1983) (per curiam)); <u>see also</u> <u>Osborne v. British Airways PLC Corp.</u>, 198 F. Supp. 2d 901, 904–05 (S.D. Tex. 2002) (dismissing case because "[u]nless the United States constitutes one of these four locations, the Court lacks 'treaty' jurisdiction over this action").

In this case, the carrier has both its domicile and principal place of business in Qatar. An air carrier's place of incorporation constitutes its sole domicile for purposes of Article 28(1). <u>Id.</u> at 905. Similarly, " '[u]nder Article 28 there can be only one principal place of business for an air carrier and this is normally where the air carrier is incorporated.' " <u>Id.</u> (quoting <u>Swaminathan v. Swiss Air Transp. Co., Ltd.</u>, 962 F.2d 387, 390 (5th Cir. 1992)). Qatar Airways is a corporation duly organized and existing under the laws of Qatar, and maintains its headquarters and principal place of business in Doha. Decl. of Odete Costeira ¶7, Docket No. 5-3.

The place of business through which the contract of transportation was made is Iran. For purposes of Article 28, "[t]he carrier's place of business through which the contract has been made is the location where the passenger tickets at issue were purchased." <u>Osborne</u>, 198 F. Supp. 2d. at 905 (internal quotation omitted). According to Qatar Airways' records, Alemi's ticket "was purchased and issued through a City Ticket Office located in Tehran, Iran." Odete Decl. ¶6, Docket No. 5-3.

Finally, the place of destination is also Iran. Article 28 allows for only one destination for each passenger's journey. <u>In re Alleged Food Poisoning Incident</u>, 770 F.2d 3, 6 (2d. Cir.

---

Organization, <u>available at</u> <u>http://legacy.icao.int/icao/en/leb/mtl99.pdf</u> (last visited January 4, 2012); List of Signatories to the Warsaw Convention, maintained by the United Nations International Civil Aviation Organization, <u>available at</u> <u>http://legacy.icao.int/icao/en/leb/wc-hp.pdf</u> (last visited January 4, 2012). Thus, the Warsaw Convention governs.

 This distinction is ultimately inconsequential, however, because the Montreal Convention contains essentially identical provisions concerning where an action for damages may be brought. <u>See</u> Montreal Convention, Art. 33(1).

1985).  "Because each journey governed by the Convention can have only one destination, courts are nearly unanimous in holding that when a passenger has purchased a round trip ticket, the destination is the place where the trip began."  <u>Lee v. China Airlines Ltd.</u>, 669 F. Supp. 979, 981 (C.D. Cal. 1987).  This is true even if the passenger never intended to return.  <u>Klos v. Polskie Linie Lotnicze</u>, 133 F.3d 164, 167–68 (2d Cir. 1997).  Alemi purchased a round-trip ticket from Tehran, with intermediate stops in Doha and Chantilly.  Accordingly, Iran is Alemi's "destination" for purpose of Article 28.

Because the United States is not among the permissible fora in which a plaintiff may bring a tort action governed by the terms of the Warsaw Convention, this Court is without subject matter jurisdiction to pass on the merits of Alemi's claim.[3]  The Complaint must be, and hereby is, DISMISSED.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

Benson Everett Legg

---

[3]    The Defendant additionally maintains that Alemi's claim is barred by the Warsaw Convention's two-year statute of limitations.  Because the Court resolves the case on jurisdictional grounds, it need not reach this argument.